## Dembiec's Nomination.

*Election law — Nomination — Papers — Substituted nomination papers— Amendment—Duty of county commissioners—Mandamus.*

1. Under the Act of July 9, 1919, P. L. 832, in receiving nomination papers for filing, the county commissioners act in a judicial capacity.

2. They should act on the papers forthwith, pass upon their validity, and if defective, permit an amendment.

3. If they neglect or refuse to decide, an amendment will be allowed by the court, and mandamus may issue to compel the filing of an amended certificate of substituted nomination *nunc pro tunc*.

4. There is no statute specifying how many or what names shall be signed to a substituted certificate of nomination. The matter is governed by the party rules.

Mandamus to county commissioners to file certificate of substituted nomination. C. P. Luzerne Co., Dec. T., 1920.

WOODWARD, J., Oct. 31, 1921.—The suggestion for a mandamus in this case alleges that on Oct. 14, 1921, a certificate of nomination substituting the name of Jacob Dembiec, of Miner's Mills, Luzerne County, Pennsylvania, as a candidate on the Democratic ticket for the office of Clerk of the Court of Quarter Sessions in place of Jerry A. McGinley, who had been nominated as a candidate for the said office at the September primaries in the year 1921 for election thereto at the November election, 1921, and who had withdrawn as such a candidate, was delivered to the county commissioners, received by them, but no action taken thereon; and prays for a peremptory mandamus, directing the county commissioners to file said certificate of substituted nomination as this day amended *nunc pro tunc* as of Oct. 14, 1921, and to print the name of Jacob Dembiec on the official ballot as a candidate on the Democratic ticket for the office of Clerk of the Court of Quarter Sessions of Luzerne County at the November election, Nov. 8, 1921, instead of Jerry A. McGinley.

No answer has been filed to the suggestion because the time was too short. But, on the argument, the petition to amend the certificate was opposed on the ground that the defects in the original certificate were not amendable, and the mandamus was opposed verbally, as counsel had not had time to prepare a written answer, on the ground that the certificate of substituted nomination was not authorized by a majority of the county committee or by a duly constituted quorum at the meeting when the substitution was made, and that, therefore, it was void under the 6th section of the Act of July 9, 1919,

1 D. & C.

P. L. 832, as having been filed by parties not entitled under the act to file the same.

The duty imposed upon the county commissioners on the filing of a certificate of substituted nomination with them is not merely administrative, but a judicial duty. The 6th section of the Act of 1919 says: "It shall be the duty of the officer or officers to whom any nomination paper is brought for the purpose of filing to examine the said paper, and if it lack sufficient signatures or be otherwise manifestly defective, it shall not be filed, etc."

On the filing of the certificate of Jacob Dembiec, it was the duty of the county commissioners to decide there and then whether the petition was defective, and, if defective, they were further required by the same section of the act to permit the parties filing the same to amend the certificate wherein it was decided to be defective. Instead of doing this, the county commissioners' clerk deposited the certificate in their safe and no decision was made, which necessarily prevented any amendment. So that if this were the only objection, the mandamus should be allowed.

But it was objected on the argument, by way of answer to the suggestion for the mandamus, that the paper objected to was not filed by parties entitled under the act to file the same, and, therefore, should be declared by the court wholly void.

There is no statute specifying how many or what names shall be signed to the certificate. The matter is governed by the party rules which are attached to the certificate in this case, and do not specify how many shall constitute a quorum. The minutes of the meeting accepting the resignation of Jerry A. McGinley and substituting Jacob Dembiec as a candidate in McGinley's place show who were present at the meeting, and a comparison with the names attached to the petition to amend shows that a majority of the committee were not present. It may be that, in the absence of a statute or a party rule, the presence of a majority would be necessary to constitute a quorum, and this objection might be raised by any one within the party who objected to the procedure; but it is not a matter of public concern, nor of the concern of a rival party in the absence of any statute, as the Democratic Party is the best judge of its own rules and whether they have been violated or not.

Peremptory mandamus is awarded as prayed for, and the county commissioners are directed to file the certificate of nomination of Jacob Dembiec in place of Jerry A. McGinley as the Democratic candidate for Clerk of the Court of Quarter Sessions of Luzerne County, as changed by the amendment this day allowed *nunc pro tunc* as of Oct. 14, 1921, and to print the name of Jacob Dembiec on the official ballot as a candidate on the Democratic ticket for the office of Clerk of the Court of Quarter Sessions of Luzerne County at the November election on Nov. 8, 1921.

### *Objections to certificate substituting Dembiec.*

The petition for the rule in this case sets forth:

That on Oct. 14, 1921, the County and Executive Committee of the Democratic Party of Luzerne County delivered to the Luzerne County Commissioners a certificate of nomination substituting the name of Jacob Dembiec, of Miner's Mills, as a candidate on the Democratic ticket for the office of Clerk of the Court of Quarter Sessions of Luzerne County in place of Jerry A. McGinley, who had been nominated at the primaries and had withdrawn.

That objections were filed by Frank J. Keiser, the Republican candidate for the office, on the ground that the certificate failed to name all the members comprising the Executive Committee of the Democratic Party, and was not

verified by the affidavit of two members of the committee or two citizens who made affidavit to the nomination petition of McGinley.

The prayer is for a rule to show cause why the certificate of substituted nomination shall not be amended to meet the objections raised.

The rule was granted Oct. 28th, returnable forthwith, and was argued before the court *in banc*.

The Act of July 9, 1919, P. L. 832, provides that it is the duty of the county commissioners, when a certificate of substituted nomination is filed, to examine the same, and, if it is defective, to refuse to file it, but that such action may be reviewed by the Court of Common Pleas, upon an application for mandamus to compel its reception as of the date when it was brought to the office.

It also provides: "That if the court decide that the paper objected to was not filed by the parties entitled under this act to file the same, it shall be wholly void; but if it be adjudged defective only, the court shall indicate the matters in which it requires amendment and the time within which such amendment must be made, and every paper amended after the time when names therein contained should have been sent to the sheriff shall be subject to the provisions of this act concerning substituted nominations. The officers with whom nomination papers have been filed shall permit the political parties or bodies who have filed them to amend them, of their own motion, at any time prior to the printing of the ballot."

The ballot has not yet been printed, and, under this provision of the act, the party presenting the petition might have amended it of their own motion if it had been refused by the county commissioners as defective when presented to them, and it was made the duty of the county commissioners by the act to permit such amendment.

The court will now do what the county committee might have done of its own motion had the county commissioners followed the instructions of the act.

Rule to amend is made absolute.

From F. P. Slattery, Wilkes-Barre, Pa.